# STATE OF OREGON,
*Respondent,*

*v.*

# ALFREDO CASTRIJON LOPEZ,
*Appellant.*

(No. 80-408C, CA A20362)

641 P2d 596

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Richard David Wasserman, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant appeals his convictions after trial to the court on two counts of assault in the second degree, ORS 163.175, and failure to perform the duties of a driver involved in an accident resulting in injury. ORS 483.602. The charges arose out of a two-car collision in which two people were severely injured. Defendant immediately fled the scene of the accident. The assault indictments alleged that defendant "did unlawfully and recklessly, under circumstances manifesting extreme indifference to the value of human life, cause serious physical injury to [the victims], by means of a dangerous weapon, to-wit: [an automobile]: by driving in excess of the speed limit and/or by driving while under the influence of intoxicants, and/or by striking the vehicle containing the [victims]." Defendant contends the court erred in overruling his demurrer and in failing to merge all three convictions for sentencing.

Defendant demurred to the assault charges on the ground that an automobile driven recklessly is not a dangerous weapon. Assault in the second degree is defined in ORS 163.175:

"(1) A person commits the crime of assault in the second degree if he:

"* * * * *

"(c) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life."[1]

Assault in the second degree is a Class B felony. The same conduct done without the use of a weapon is defined as assault in the third degree, a Class C felony. ORS 163.165(1)(b). "Dangerous weapon" is defined by ORS 161.015(1) as:

---

[1] " 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." ORS 161.085(9).

Defendant does not dispute that he recklessly caused serious physical injury to the victims.

"[A]ny instrument, article or substance which under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury."

Defendant agrees that under the literal wording of the statutory definition, an automobile could become a dangerous weapon. He contends, however, that a vehicle driven recklessly is not a weapon and can only become one if the driver intends to use it offensively or defensively to gain an advantage.

■ The statutory definition of a dangerous weapon depends on the circumstances in which the particular instrument, article or substance is used. It focuses on actual use and not necessarily on intended use. It is a question of fact whether, under the circumstances, an article is used in a manner capable of causing death or serious physical injury. *State v. Gale,* 36 Or App 275, 583 P2d 1169 (1978). The indictment alleged that defendant drove the vehicle recklessly under circumstances manifesting extreme indifference to human life. It is not necessary that the indictment also allege that he intended that the vehicle be a weapon.

■ Defendant's contention carried to its logical conclusion would effectively emasculate ORS 163.175(1)(c), leaving that section without an offense to cover. If to be a dangerous weapon an object must be intentionally used to cause death or serious physical injury, then that section (which seeks to punish reckless conduct resulting in serious physical injury) could never have any application. If intent to use an object as a weapon inheres in the definition of dangerous weapon, the conduct would always be assault in the first degree, which requires that the injury be intentionally caused. To use a dangerous weapon recklessly would be redefined by defendant to mean to intend recklessly *to cause injury. That is a contradiction in terms.* The trial court correctly denied the demurrer.

■ ■ Defendant argued in the trial court and here that the three convictions should result in only one sentence. The general rule for determining whether a defendant who in the course of a single criminal episode violates more than one criminal statute may be punished separately for

each violation is that when the conduct was directed to the accomplishment of a single criminal objective, only a single punishment may be imposed. *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979). In that case, the court found that breaking into a dwelling with the intent to steal, and the theft actually committed therein, are acts directed to the accomplishment of a single criminal objective and so may not be separately punished. An assault premised on reckless conduct does not readily fit the analysis respecting a criminal objective, single or multiple. Although the reckless conduct results in serious physical injury, it cannot be said the defendant had a conscious criminal objective to cause the injury. The reckless conduct and its result terminated at the time of the accident. His knowingly leaving the scene without performing the duties required by statute was not part of the reckless activity but was intended to accomplish a separate result; avoidance of responsibility for the assaults. It was proper to sentence for the assaults separate from the charge of failure to perform the duties of a driver involved in an accident.

■     We conclude, however, that the two assault charges should have been sentenced as one offense. The assaults were committed because of defendant's reckless conduct, not because of his specific intent to injure any person or persons. This distinguishes *State v. Linthwaite,* 52 Or App 511, 628 P2d 1250, *rev allowed* 291 Or 893 (1981), in which we held that a defendant who menacingly brandished a knife at several people could be separately sentenced for each charge relating to each victim. There the punished acts were intentional. Defendant intended to menace each victim and thus had separate intended criminal objectives. In this case it could not have been defendant's objective to injure the two victims separately, because he had no criminal objective *per se.* The single act of recklessness happened to injure two victims. He was properly charged with and convicted of two assaults, and the gravity of the multiple injuries can be considered in imposing a sentence, but he can be sentenced for only one assault.

The convictions are affirmed; the sentences on the assault charges are vacated; and the case is remanded for resentencing.