Argued and submitted July 29, 1987, affirmed December 14, 1988, reconsideration denied February 24, petition for review allowed March 21, 1989 (307 Or 571)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES ALFRED CROTSLEY,
*Appellant.*

(CM 86-0273, CM 86-0293; CA A41802 (Control), A41803)
(Cases Consolidated)

765 P2d 818

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

Deits, J., dissenting in part; concurring in part.

## RICHARDSON, P. J.

In these two cases, consolidated for appeal, defendant was convicted, after trial to the court, of six sexual offenses which were alleged in two indictments and which arose out of a single incident. He contends that there was not sufficient evidence to sustain the convictions, that three of the convictions should be merged into the other three, and that the court erred in imposing consecutive sentences. We affirm.

It is not necessary to detail the evidence. Essentially, it showed that defendant took the victim, a 14-year-old girl, to his apartment. He used a knife to force her to engage in two separate acts of "deviate sexual intercourse" and then forced her to have sexual intercourse with him. As a result of his activity, defendant was charged in two separate indictments and convicted of six crimes.

In the case under the first indictment, defendant was convicted of one count of rape in the third degree, ORS 163.355(1), and two counts of sodomy in the third degree, ORS 163.385(1), all of which were predicated on the fact that he had engaged in the specified sexual activity with a victim under 16 years of age. In the other case, he was convicted of rape in the first degree, ORS 163.375(1)(a), and two counts of sodomy in the first degree, ORS 163.405(1)(a), predicated on the theory that he subjected the same victim to forcible compulsion while committing the same sexual acts. The court ordered that the sentences for rape in the first degree and one count of sodomy in the first degree be served consecutively. Sentences on the other charges were to be served concurrently with the sentences on the first degree offenses.

■ Defendant's first assignment is that the court erred in denying his motion for judgment of acquittal on the first degree rape and sodomy charges. He contends that there was insufficient evidence of forcible compulsion. We disagree. The victim testified that she submitted because defendant held a knife blade to her neck. Her testimony is sufficient evidence to support the first degree convictions.

■ In his second assignment, defendant contends that the court should have merged the convictions on the charges in one indictment with those in the other. Essentially, he argues that the three convictions related to the age of the

victim, rape in the third degree and sodomy in the third degree, should be merged into the convictions based on forcible compulsion, so that he has only three first degree convictions. The trial court denied defendant's request on the basis of ORS 161.062(1):

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations. However, when one of the statutory provisions violated is burglary in any degree, and the other statutory provision violated is theft or criminal mischief in any degree, and the theft or criminal mischief was pleaded as the intended crime of the burglary, the burglary and the theft or criminal mischief shall constitute only one punishable offense."[1]

The statute was adopted as a response to the judicially expressed concern for the lack of legislative guidance. *See, e.g., State v. Linthwaite,* 295 Or 162, 665 P2d 863 (1983); *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979). The obvious legislative design was to develop a clear formulation for the "merger" of convictions when an offender's conduct violates more than one criminal statute. The statute authorizes separate convictions when the same conduct (1) violates two or more statutory provisions, if (2) each provision requires proof of an element that the other does not.

As the trial court recognized, defendant's conduct fits the formulation of the statute precisely. The third degree rape and the two third degree sodomies require proof that the victim was under 16 years of age, but the first degree offenses do not. On the other hand, the first degree rape and sodomies require proof that the victim, regardless of her age, was subjected to forcible compulsion.

Defendant argues that the third degree offenses are merely lesser degrees of rape and sodomy described as first degree offenses and as such have traditionally been merged into the greater offenses. Cases that he cites in support of his contention predate the enactment of ORS 161.062. *See, e.g., State v. Kessler,* 297 Or 460, 686 P2d 345 (1984); *State v.*

---

[1] ORS 161.062(1) is almost identical to ORS 161.067(1) which was adopted by an initiative measure, Ballot Measure No. 10, in the 1986 general election and became effective December 4, 1986. Defendant was sentenced before that date.

*Linthwaite, supra; State v. Cloutier, supra; State v. Wigget,* 75 Or App 474, 707 P2d 101 (1985). Those cases decided the issue on the basis of discovered legislative intent and were part of the reason for the adoption of ORS 161.062. Consequently, they are not indications of legislative intent respecting that enactment. The statute is not ambiguous, and the trial court did not err in applying it in this case.

■    The final assignment is that imposition of consecutive sentences for first degree rape and first degree sodomy is unlawful under ORS 137.122. The court made the specific findings required by subsection (4) of that statute that the sodomy was not merely an incidental violation in the course of committing the crime of rape, that it caused a greater and qualitatively different degree of harm to the victim and that concurrent terms would not be commensurate with the seriousness of defendant's conduct or sufficient to protect the public. There was evidence presented during trial and the sentencing hearing to support the court's findings and sentences.

Affirmed.

**DEITS, J.,** dissenting in part; concurring in part.

I agree with the majority that the denial of defendant's motion for a judgment of acquittal was not error and that the consecutive sentences for first degree rape and sodomy were lawful. However, I believe that the trial court erred in failing to merge the first and third degree rape and sodomy convictions and, therefore, I respectfully dissent.

The majority concludes that the provisions of ORS 161.062(1) do not allow the merger of the first and third degree convictions. That statute provides, in pertinent part:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

The majority reasons that, because the first and third degree rape and the first and third degree sodomies require proof of different elements, they are separately punishable

offenses. In my opinion, it is unclear whether the term "provisions" used in the statute refers to a criminal offense, a separately numbered statute or to the separate subsections of a statute. The ambiguity becomes particularly troublesome when we are dealing with offenses which are degrees of the same offense, as in this case. The majority's reading is one possible interpretation of the statute, but it is not consistent with the legislative history and purpose in adopting ORS 161.062(1), as well as with the legislative purpose of establishing degrees of the same offense.

As noted by the majority, ORS 161.062(1) was adopted to provide legislative direction in an area of the law which was characterized as plagued by uncertainty, inconsistency and leniency resulting from the merger of convictions when an offender had committed multiple crimes in a single criminal episode. Minutes, House Committee on Judiciary, May 27, 1985 (testimony of William F. Gary, Deputy Attorney General). Gary explained the purpose of the legislation:

> "As early as 1969, the Supreme Court identified a gap in legislative policy with respect to criminal sentencing: At what point in a criminal episode does a person become liable for multiple crimes and subject to multiple punishments? If a person breaks into a home and steals jewelry, is that person to be convicted of burglary, theft, or both? *See State v. Woolard,* 259 Or 232, 484 P2d 314 (1969). If a person commits rape and sodomy, is he to be convicted of both? If he sodomizes his victim in two different ways, is he to be convicted of one sodomy or two? *See State v. Garcia,* 288 Or 413, 605 P2d 671 (1980). If a drinking driver criminally causes an automobile collision and kills two people, is that person to be convicted of one homicide or two? *See State v. Lopez,* 56 Or App 179, 641 P2d 596, *rev den* (1982). If a person brandishes a knife, threatens a dozen people and robs them, how many criminal convictions have been earned? *See State v. Linthwaite,* 295 Or 162, 665 P2d 863 (1983). For nearly 20 years, Oregon's courts have struggled with problems of 'merger' and multiple punishment. In attempting to articulate rules to resolve these problems, the Court has consistently described the subject as uniquely legislative. Its decisions are attempts to divine legislative intent on a subject about which the legislature has been strangely silent.
>
> "* * * * *
>
> "SB 257 [which would enact ORS 161.062(1)] would

clearly and unequivocally express a legislative policy judgment that crimes committed in a single criminal episode should be recorded separately on a person's criminal record. A person who burglarizes a house and rapes the occupant may be convicted of both burglary and rape. A person who repeatedly sodomizes a victim may be convicted of separate crimes for each distinct act of sodomy. Under current law, in each of those instances, only one criminal conviction could be entered on the offender's record. The history of the offender's criminal conduct is literally rewritten by the Court by 'merging' separate criminal acts into one big crime. SB 257 would halt this practice and ensure that a person's criminal record accurately reflects the number of crimes of which he or she has been judged guilty.

"The judicial practice of 'merging' criminal convictions has developed because of an absence of legislative guidance as to when a law violator should be subject to multiple punishments for separate criminal violations committed during a single criminal episode. SB 257 properly recognizes that the number of convictions that should be entered is (or should be) a wholly separate question from the appropriate sentence to be imposed for the entire course of conduct."

Notably, there is no mention in the legislative history of an intent to allow a defendant to be convicted of two degrees of the same offense. In contrast to the examples cited in the legislative history, which all involve separate acts or multiple victims, the activity constituting different degrees of the same offense here involves the same act and the same victim.

An interpretation of ORS 161.062(1) allowing convictions for different degrees of the same offense would also be inconsistent with the legislative purpose in establishing degrees of the same offense, which was to provide a penalty structure commensurate with the severity of the actual offense. *Commentary to Proposed Oregon Criminal Code* 111, 114 (ORS 163.375 and ORS 163.405) (1970). The legislature intended that third degree rape and first degree rape could be alternative charges for a single act, with the person subject to conviction for the more serious. To allow convictions for different degrees of an offense for the same act is not consistent with that intent. Under the majority's interpretation, a person who stole a gun worth more than $50, but less than $500, could be convicted for both theft in the first degree, ORS 164.055(1)(d), and theft in the second degree, ORS

164.045(1)(b). A person who forcibly raped a 13-year-old girl would, by that one act, be subject to simultaneous convictions for all three degrees of rape. I do not believe that ORS 161.062 was intended to allow a defendant to be convicted of two degrees of rape and two degrees of sodomy for the same acts. Accordingly, I respectfully dissent.