Argued and submitted June 13, the decision of the Court of Appeals and judgment of the trial court affirmed August 29, 1989

# STATE OF OREGON,
*Respondent on Review,*

*v.*

# JAMES ALFRED CROTSLEY,
*Petitioner on Review.*

(TC CM 86-0273, CM 86-0293; CA A41802; SC S35916)

779 P2d 600

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for the petitioner on review. With her on the petition was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for the respondent on review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

We allowed review in this case solely to interpret the first sentence of ORS 161.062(1):

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

The issue here is whether separate first and third degree convictions and sentences may be imposed for a single act of rape or sodomy. On the present facts, we hold that separate convictions and sentences may be imposed.

### I.

Defendant appealed convictions for third degree rape and third degree sodomy. ORS 163.305(1), 163.355, 163.385.[1] He contended that the trial court erred in not consolidating those convictions and sentences with his first degree rape and sodomy convictions and sentences arising out of the same sexual assault. ORS 163.375, 163.405.[2] The Court of Appeals

---

[1] ORS 163.305(1) provides:

" 'Deviate sexual intercourse' means sexual contact between persons consisting of contact between the sex organs of one person and the mouth or anus of another."

ORS 163.355 provides:

"(1) A male commits the crime of rape in the third degree if he has sexual intercourse with a female under 16 years of age.

"(2) Rape in the third degree is a Class C felony."

ORS 163.385 provides:

"(1) A person commits the crime of sodomy in the third degree if the person engages in deviate sexual intercourse with another person under 16 years of age or causes that person to engage in deviate sexual intercourse.

"(2) Sodomy in the third degree is a Class C felony."

[2] ORS 163.375 provides:

"(1) A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"(a) The female is subjected to forcible compulsion by the male; or

"(b) The female is under 12 years of age; or

"(c) The female is under 16 years of age and is the male's sister, of the whole or half blood, his daughter or his wife's daughter.

"(2) Rape in the first degree is a Class A felony."

ORS 163.405 provides:

"(1) A person who engages in deviate sexual intercourse with another person

held that the convictions and sentences should not be consolidated. *State v. Crotsley,* 94 Or App 347, 765 P2d 818 (1988). We affirm.

Defendant took a 14-year-old girl to his apartment, where he threatened her with a knife and forced her to engage in sexual intercourse and in several acts of deviate sexual intercourse. He was charged with first degree rape and three counts of first degree sodomy because he used forcible compulsion. He was also charged with third degree rape and three counts of third degree sodomy because his victim was under 16 years of age. One pair of first and third degree sodomy charges were later dismissed.

Defendant was tried by the court without a jury. The trial court convicted him of all six remaining charges and entered six separate convictions and imposed six separate sentences.

Defendant appealed, arguing that the three convictions related to the age of his victim, third degree rape and third degree sodomy, were included in corresponding first degree crimes and that, therefore, the trial court should have consolidated the third degree convictions into their first degree counterparts. The Court of Appeals affirmed, holding that the trial court did not err in applying ORS 161.062 to the facts of the case.

## II.

Defendant argues that the first and third degree rape and sodomy charges are merely alternate charges for the same criminal acts, *i.e.,* that he is subject to conviction and sentence on the first degree charges only if the state proved forcible compulsion and to conviction on the third degree charges if the state did not prove forcible compulsion. He also argues that the legislature intended that convictions and sentences

---

or causes another to engage in deviate sexual intercourse commits the crime of sodomy in the first degree if:

"(a) The victim is subjected to forcible compulsion by the actor; or

"(b) The victim is under 12 years of age; or

"(c) The victim is under 16 years of age and is the actor's brother or sister, of the whole or half blood, the son or daughter of the actor or the son or daughter of the actor's spouse.

"(2) Sodomy in the first degree is a Class A felony."

for lower degrees of rape and sodomy would be included within convictions and sentences for first degree rape and sodomy. The state argues that ORS 161.062 unambiguously authorizes the separate convictions and sentences imposed here. We agree with the state.

Prior to enactment of ORS 161.062, and in the absence of clear statutory guidance, the courts fashioned judicial rules to address circumstances in which a single criminal episode provides grounds for multiple convictions and sentences. These include situations where a single criminal episode involves violation of more than one statute; where a single criminal episode involves multiple crimes against the same victim; and where a single criminal episode involves multiple victims. Where no clear legislative intent could be discerned concerning multiple convictions and sentencing for crimes committed during a single criminal episode, this court had to speculate whether the legislature would have expected an offender to be sentenced for more than the most serious felony. *See State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979).

After several attempts to enact legislation that would address judicial concerns about the lack of statutory guidance in this complex area, in 1985 the legislature enacted ORS 161.062, the first sentence of which is at issue here.[3] The proponents of ORS 161.062 clearly intended that criminal records accurately reflect all crimes actually committed and

---

[3] ORS 161.062 and its not quite identical twin, ORS 161.067, have an intertwined and convoluted relationship. Both statutes began as identically worded proposals to the legislature and to the electorate, proposals which apparently derived from a common source. ORS 161.062 began as a provision of Senate Bill 257 (1985), proposed to the legislature by the Department of Justice on behalf of the Oregon District Attorneys Association. An identical proposal was included in the omnibus "Crime Victims' Bill of Rights" initiative filed with the Secretary of State in April 1985. The Secretary of State certified the initiative as Ballot Measure 10 (1986), the electorate approved it in November 1986, and it became effective in December 1986. Its multiple conviction and sentencing provision was codified as ORS 162.067.

In May 1985, after the initiative had been filed with the Secretary of State, the legislature amended SB 257. In June 1985, the legislature enacted House Bill 2331 (1985), an identically worded House version of amended SB 257. HB 2331 became effective in July 1985 and was codified as ORS 161.062 and ORS 137.122. In effect, the original proposed multiple conviction and sentencing statute was enacted twice, first in an amended legislative version, ORS 161.062, and later in an unamended initiative version, ORS 161.067. Both statutes remain on the books.

that a person who commits multiple crimes by the same conduct or during the same criminal episode should have a criminal record reflecting each crime committed rather than only a single conviction which would not accurately portray the nature and extent of that person's conduct.[4]

The legislative history and text of ORS 161.062 could not be more clear in rejecting earlier case law requiring consolidation of multiple convictions and sentences arising from the same criminal episode.[5] For that reason, defendant's reliance

---

[4] In written testimony to the Senate Judiciary Committee on Senate Bill 257, Deputy Attorney General William Gary explained:

"SB 257 [ORS 161.062 and ORS 137.122] would clearly and unequivocally express a legislative policy judgment that crimes committed in a single criminal episode should be recorded separately on a person's criminal record. A person who burglarizes a house and rapes the occupant may be convicted of both burglary and rape. A person who repeatedly sodomizes a victim may be convicted of separate crimes for each distinct act of sodomy. Under current law, in each of those instances, only one criminal conviction could be entered on the offender's record. The history of the offender's criminal conduct is literally rewritten by the Court by 'merging' separate criminal acts into one big crime. SB 257 would halt this practice and ensure that a person's criminal record accurately reflects the number of crimes of which he or she has been judged guilty.

"The judicial practice of 'merging' criminal convictions has developed because of an absence of legislative guidance as to when a law violator should be subject to multiple punishments for separate criminal violations committed during a single criminal episode. SB 257 properly recognizes that the number of convictions that should be entered is (or should be) a wholly separate question from the appropriate sentence to be imposed for the entire course of conduct."

[5] However, in authorizing multiple convictions and sentences arising out of a single criminal episode, the legislature took care to limit the circumstances in which the additional convictions authorized by ORS 161.062 could be the basis of consecutive sentencing. SB 257 and HB 2331 also contained a provision, codified as ORS 137.122, addressing the circumstances under which courts could impose consecutive sentences for multiple convictions from the same criminal episode:

"(1) * * * The court may provide for consecutive terms of imprisonment only in accordance with the provisions of this section. * * *

"* * * * *

"(3) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (4) of this section.

"(4) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) The criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime; or

"(b) The criminal offense for which a consecutive sentence is contemplated

on cases decided prior to the enactment of ORS 161.062 in 1985 is misplaced. In those cases, absence of clear statutory guidance required us to fashion rules that were more properly the subject of legislation, and statutory ambiguities were construed in favor of criminal defendants. The legislature has now unambiguously embraced the policy advocated by the proponents of ORS 161.062. Therefore, to the extent that our case law is inconsistent with ORS 161.062, that statute controls and earlier case law is superseded.

## III.

In order for ORS 161.062(1) to be applicable to a defendant's conduct, the following questions must be answered in the affirmative: (1) Did defendant engage in acts that are "the same conduct or criminal episode," (2) did defendant's acts violate two or more "statutory provisions," and (3) does each statutory "provision" require "proof of an element that the others do not." In this case, the answer to each question is "yes."

First, defendant plainly engaged in a single criminal episode. That is not disputed.

Second, consistent with the legislative intent to convict and sentence defendants on the range of multiple crimes committed, we interpret the term "two or more statutory provisions" to include prohibitions such as those in this case that address separate and distinct legislative concerns.

ORS 163.375 provides three alternative combinations of elements that will constitute first degree rape. Each involves sexual intercourse and at least one element not involved in the others. ORS 163.375(1)(a) requires forcible

---

caused or created a substantial risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a substantial risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

ORS 137.123, enacted as part of the "Crime Victims' Bill of Rights," relates to ORS 137.122 in the same way that ORS 161.067 relates to ORS 161.062. ORS 137.123 is a consecutive sentencing statute similar to the original proposed sentencing statute in SB 257. As in the case of ORS 161.062, the legislature amended the original consecutive sentencing provision of SB 257 after the "Crime Victims' Bill of Rights" initiative had been filed with the Secretary of State. ORS 137.122 and ORS 137.123 have identical exclusivity clauses ("The court may provide for consecutive terms of imprisonment only in accordance with the provisions of this section").

compulsion; ORS 163.375(1)(b) requires that the victim be under 12 years of age; and ORS 163.375(1)(c) requires that the victim be a close family member and under 16. Our discussion of the statutory scheme for rape applies equally to the statutory scheme for sodomy. The language of the rape and sodomy statutes and the Criminal Law Revision Commission's commentary to those statutes establish that the statutory schemes for grading the various rape and sodomy offenses were intended to be identical.

ORS 163.375(1)(a), the only alternative requiring forcible compulsion, is a clear statutory prohibition against forcing sex on any female. All other variations of first degree rape (as well as all variations of second and third degree rape) are similar to each other in that they accord special protection to specified groups of females by making sexual intercourse with one of them a crime even with "consent." ORS 163.375(1)(b) is a prohibition against sexual intercourse with females under 12; ORS 163.375(1)(c) is a prohibition against sexual intercourse with close female relatives under 16. Thus, each statutory alternative addresses a separate and distinct legislative concern, and each alternative is a separate statutory "provision" for purposes of ORS 161.062(1). Because they are separate provisions, defendant's argument that ORS 163.355 is a lesser included offense to first degree rape fails. ORS 163.355, prohibiting sexual intercourse with a female under 16 years of age, reflects the same kind of legislative concern as ORS 163.375(1)(b), an offense not charged here; it reflects a separate and distinct legislative concern from ORS 163.375(1)(a), the first degree rape alternative with which defendant is charged.

Defendant points to the Criminal Law Revision Commission's commentary to the rape and sodomy statutes to the effect that the Commission intended to group these offenses into three degrees of severity. However, we do not find from the commentary that, by grading these offenses into first, second, and third degrees, the legislature intended to obviate the other differences of the offenses for purposes of multiple convictions and sentences.

With respect to the third statutory question, each statutory offense requires proof of a separate element. Each of the third degree crimes requires a finding that the victim is

under 16 years of age, an element not necessary to prove the corresponding first degree crimes. The state must separately charge ORS 163.355 and prove a victim's age for a conviction under that statute. For this reason, ORS 163.355 is not a lesser included offense of ORS 163.375(1)(a), which has no age element. Each is a separate offense (or "statutory provision") for purposes of ORS 161.062(1). Accordingly, ORS 161.062 expressly authorizes the separate first and third degree convictions involved here. The same analysis applies to the sodomy convictions involved here: ORS 163.385 is not a lesser included offense of ORS 163.405(1)(a).

In raping a 14-year-old girl, defendant violated two different prohibitions that the legislature has codified as separate criminal offenses. He forced his victim to engage in sex against her will, and he chose a victim to whom the legislature had accorded additional protection because of her age. Defendant argues, in effect, that his criminal record should be no different than if his victim had not been a child, that his "incidental" violation of additional laws should not subject him to additional sanction. The legislature has rejected that argument in clear and unambiguous language.

The decision of the Court of Appeals is affirmed. The judgment of the trial court is affirmed.