Argued and submitted November 30, 2005, conviction for third-degree sexual abuse reversed and remanded for merger with conviction for first-degree sexual abuse; sentences vacated; remanded for resentencing; otherwise affirmed November 15, 2006, petition for review denied January 10, 2007 (342 Or 256)

## STATE OF OREGON,
*Respondent,*

*v.*

## JESSE HINTON BARNES,
*Appellant.*

CM0221084; A121427

147 P3d 936

David C. Degner, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Anna M. Joyce, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

ORTEGA, J.

**ORTEGA, J.**

Defendant appeals his convictions for sexual abuse in the first degree, ORS 163.427(1)(a)(C), sexual abuse in the third degree, ORS 163.415(1)(a), and harassment, ORS 166.065(4).[1] He assigns error to the trial court's failure to merge the three convictions.[2] Defendant contends that sexual abuse in the third degree and harassment are each lesser-included offenses of sexual abuse in the first degree. On review for errors of law, viewing the evidence in the light most favorable to the state, *State v. Barnum*, 333 Or 297, 302, 39 P3d 178 (2002), we disagree with defendant that the harassment conviction merges, but reverse because the sexual abuse in the third degree conviction does.

The following facts are undisputed. On the evening of the incident, the victim, defendant, and several other teenagers went on a camping trip and were consuming alcohol. The victim became so intoxicated that she was "mumbling [and] not making any sense," was "weaving back and forth" when she tried to walk, kept "falling down," needed assistance pulling her pants up after she had gone to the bathroom, and was vomiting. At some point, when the victim was still in that condition, the group decided to leave the campsite temporarily. They left the victim behind because she was "so sick[.]" Defendant stayed behind as well because the group was concerned that the victim might "need[ ] help[.]" The teenagers were concerned about alcohol poisoning and that the victim might "pass out or hurt herself."

When the group returned to the campsite, they found the victim wrapped up in a tarp with her clothes on inside out. The victim had numerous "hickeys" on her neck and breasts. Testimony at trial revealed that the victim did

---

[1] Defendant was convicted of an additional count of harassment, but does not appeal that conviction.

[2] We reject defendant's unpreserved second assignment of error without discussion. As to defendant's unpreserved third assignment of error, we decline to review a challenge to the imposition of consecutive sentences under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), as plain error. *State v. Fuerte-Coria*, 196 Or App 170, 100 P3d 773 (2004), *rev den*, 338 Or 16 (2005).

not have the "hickeys" before the group left, and the victim testified that she did not remember how she got them. A jury convicted defendant of first-degree sexual abuse,[3] third-degree sexual abuse,[4] and harassment.[5]

The parties agree that ORS 161.067(1) provides the proper analysis to determine whether the convictions should merge. ORS 161.067(1) provides:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

Defendant contends that merger was required because the convictions arose out of the same conduct and because neither conviction required proof of an element that the others did not; in his view, sexual abuse in the third degree and harassment are each lesser-included offenses of sexual abuse in the first degree. The state responds that ORS 161.067(1) authorizes separate convictions and points to the

---

[3] ORS 163.427 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and

"* * * * *

"(C) The victim is *incapable of consent* by reason of being mentally defective, mentally incapacitated or physically helpless[.]"

(Emphasis added.)

[4] ORS 163.415 provides, in part:

"(1) A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:

"(a) The victim *does not consent* to the sexual contact[.]"

(Emphasis added.)

[5] ORS 166.065 provides, in part:

"(1) A person commits the crime of harassment if the person intentionally:

"(a) Harasses or annoys another person by:

"(A) Subjecting such other person to offensive physical contact[.]

"* * * * *

"(4) * * * [H]arassment is a Class A misdemeanor if * * * the offensive physical contact consists of touching the sexual or other intimate parts of the other person."

Supreme Court's holding in *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989), as instructive. We agree that *Crotsley* is instructive.[6]

The merger issue in *Crotsley* was whether third-degree rape was a lesser-included offense of first-degree rape.[7] *Id.* at 274; *see also* ORS 163.375(1)(a); ORS 163.355(1). The Supreme Court stated that, under ORS 161.067(1),[8] the appropriate analysis for determining the validity of separate convictions was to consider the following three questions:

> "(1) Did defendant engage in acts that are 'the same conduct or criminal episode,' (2) did defendant's acts violate two or more 'statutory provisions,' and (3) does each statutory 'provision' require 'proof of an element that the others do not.' "

*Crotsley*, 308 Or at 278. If the answer to each of those merger questions is "yes," ORS 161.067(1) allows for separate convictions. 308 Or at 278. Because it was undisputed that the case involved a single criminal episode, the focus was on the latter two merger questions. *Id.*

Addressing the second merger question, the court noted that the requirement that the defendant's acts violate "two or more statutory provisions" is met where the case involves prohibitions that address separate and distinct legislative concerns. *Id.* The court held that first-degree rape, ORS 163.375(1)(a), and third-degree rape, ORS 163.355(1), address separate legislative concerns because each prohibition involves at least one dissimilar element not involved in the other prohibition. *See Crotsley*, 308 Or at 278-79. First-degree rape makes criminal sexual intercourse by "forcible compulsion," while third-degree rape makes criminal sexual intercourse with a person "under 16 years of age." *Id.* at 279;

---

[6] The Supreme Court recently reaffirmed *Crotsley* in *State v. White*, 341 Or 624, 638, 147 P3d 313 (2006).

[7] The other issue in *Crotsley* was whether third-degree sodomy was a lesser-included offense of first-degree sodomy. 308 Or at 274. The analysis for both issues was identical. *Id.* at 279-80.

[8] *Crotsley* was decided under *former* ORS 161.062(1), *repealed by* Or Laws 1999, ch 136, § 1, which mirrored the provisions of ORS 161.067. *See State v. Lucio-Camargo*, 172 Or App 298, 303 n 4, 18 P3d 467 (2001), *vac'd and rem'd on other grounds*, 334 Or 491 (2002). Because the relevant portions of those statutes are identical for the purposes of our analysis, we do not differentiate between the two and refer only to ORS 161.067(1).

ORS 163.375(1)(a); ORS 163.355(1). The elements are dissimilar because the former is a prohibition with respect to all persons while the latter is an age prohibition protecting a specific category of women. *See Crotsley*, 308 Or at 279. Those dissimilar elements reflect distinct legislative concerns, embodied in separate statutory provisions. *Id.*

With respect to the third merger question, the court noted that because third-degree rape requires the state to prove the victim's age, but first-degree rape does not, each offense requires proof of an element not necessary to the other. *Id.* at 279-80. Accordingly, because all the merger questions were answered affirmatively, the court held that third-degree rape was not a lesser-included offense of first-degree rape. *Id.* at 278.

Applying the framework set out in *Crotsley* to the present case, we conclude that sexual abuse in the third degree merges into sexual abuse in the first degree but harassment does not. Because the parties agree that the first merger question—that defendant's acts were part of the same conduct or criminal episode—is answered in the affirmative for both, the focus of our analysis is on the second and third merger questions. We discuss those questions for each in turn.

■ For the sexual abuse charges we start with the third merger question—whether each offense requires proof of an element that the others do not—because the answer to that question disposes of the issue. A defendant may be convicted of sexual abuse in the third degree if the defendant subjects another to sexual contact and the victim "does not consent * * *." ORS 163.415(1)(a). A person may be convicted of sexual abuse in the first degree if the defendant subjects another to sexual contact and the victim is "incapable of consent * * *." ORS 163.427(1)(a)(C). As we decided in *State v. Stamper*, 197 Or App 413, 427, 106 P3d 172, *rev den*, 339 Or 230 (2005), proof that the victim is "incapable of consent" establishes that the victim "does not consent." Consequently, neither offense requires proof of an element that the other does not, and defendant's convictions on those offenses merge.

At issue in *Stamper* was whether the state had proved that the victim of sexual abuse in the second degree,

ORS 163.425(1), "did not * * * consent" by showing that the victim was under the age of 18 and therefore was "incapable of consent." 197 Or App at 415-16. By its terms, ORS 163.425(1) requires proof that the victim "[did] not consent" and makes no mention of being "incapable of consent." The defendant argued that, by the plain meaning of the statute, the state was required to prove that the victim *actually* did not consent, regardless of her capacity to do so. *Stamper*, 197 Or App at 422. After an exhaustive review of the statute's text and context, its legislative history, and prior construc- tions of related statutes, we concluded that the legislature intended the phrase " 'the victim does not consent' to apply either to actual lack of consent or incapacity to consent * * *." *Id*. at 427.

Consistent with that conclusion, if "incapacity to consent" is proved for first-degree sexual abuse, then "lack of consent," likewise, has been proved for third-degree sexual abuse. Accordingly, sexual abuse in the third degree does not require proof of any elements in addition to those necessary to prove sexual abuse in the first degree. Third-degree sexual abuse therefore is a lesser-included offense of first-degree sexual abuse, and defendant's convictions merge.

■     Turning to the question of merger of harassment under ORS 166.065(4) and sexual abuse in the first degree, we begin with the second merger question—whether the con- duct violates "two or more statutory provisions" that address separate and distinct legislative concerns. For both harass- ment and sexual abuse, the physical contact by the perpetra- tor consists of "touching the sexual or other intimate parts" of the other person. *See* ORS 163.305(6) (defining sexual con- tact for purposes of sexual abuse in the first degree); ORS 166.065(4) (establishing a subset of harassment where the touching is to the sexual or intimate parts). However, for first-degree sexual abuse, that touching must be with the purpose of "arousing or gratifying the sexual desire of either party." ORS 163.305(6). Harassment, on the other hand, requires that the touching be with the intention to "[h]arass[ ] or annoy[ ]" the other person. ORS 166.065(1)(a)(A), (4).

The legislative history of the harassment statute establishes that the legislature sought to address unique concerns when the offensive contact involves the sexual or intimate parts, but does not involve the purpose of sexual gratification, which is the object of the sexual abuse statutes. In 1995, the legislature passed House Bill (HB) 3304, which added subsection (4) to the harassment statute. Or Laws 1995, ch 802, § 1, *codified as* ORS 166.065(4). That subsection increased the crime classification from a Class B to a Class A misdemeanor when the offensive touching involves the "sexual or other intimate parts" of the victim. According to testimony in support of the bill, the added language addressed a gap in the law where there is a "touching of somebody's sexual or intimate parts [but that touching was not done] for purposes of sexual gratification" as required for sexual abuse. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 3304, Mar 28, 1995, Tape 57, Side A (statement of Courtland Guyer, Oregon District Attorney's Association). The sponsor of the bill testified that the purpose of the legislation was to provide a means to "go[ ] beyond simple harassment" in prosecuting such conduct, in order to address a distinct concern regarding the seriousness of an act of harassment when the touching involves the sexual or intimate parts. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 3304, Mar 28, 1995, Tape 57, Side A (statement of Chris Bardner, Children and Justice Act Task Force). Accordingly, subsection (4) of the harassment statute addresses a separate and distinct concern from that addressed in the first-degree sexual abuse statute. First-degree sexual abuse and harassment are therefore separate statutory provisions.

Regarding the third merger question—whether each offense requires proof of an element that the other does not—defendant notes that "[t]he only difference between the sexual abuse charges and the harassment charge is defendant's intent[,]" and suggests that there is no distinction between contacting a person with the purpose of sexual gratification and contacting a person with the intent required in the harassment statute, which is to subject the victim to offensive physical contact. According to defendant, subjecting a

person to nonconsensual sexual contact is necessarily offensive, so the intent of the two offenses is the same. However, defendant's argument mischaracterizes the intent element of harassment, which is to "[h]arass[ ] or annoy[ ] * * * by [s]ubjecting [the] other person to offensive physical contact[.]" ORS 166.065(1)(a)(A). A perpetrator can easily contact a person with the sole purpose of sexual gratification without any intention of harassing or annoying that person, and likewise the opposite is true. Accordingly, those elements are not subsumed within one another, and the two offenses do not merge.[9]

Conviction for third-degree sexual abuse reversed and remanded for merger with conviction for first-degree sexual abuse; sentences vacated; remanded for resentencing; otherwise affirmed.

---

[9] An additional portion of the legislative history supports our conclusion that the two offenses do not merge. During that same legislative hearing mentioned above, there was discussion between a representative and the sponsor of the bill about how sexual abuse and harassment under subsection (4) would need to be pleaded in an indictment. The sponsor confirmed that an indictment would list both sexual abuse *and* harassment with the elevated language because "harassment with this elevated language [is] not [a] lesser" included offense of sexual abuse. Tape Recording, House Committee on Judiciary, Subcommittee on Crime and Corrections, HB 3304, Mar 28, 1995, Tape 57, Side A (statements of Rep Floyd Prozanski and Chris Bardner, Children and Justice Act Task Force).