Submitted August 6, in Case Number A141879, convictions on Counts 1 and 2 reversed and remanded with instructions to enter a judgment of conviction for one count of third-degree sexual abuse reflecting that defendant was found guilty on both theories and for resentencing, otherwise affirmed; Case Number A141880 affirmed September 8, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## TYLER JAMES TRUE,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR0812503, CR0813678;
A141879 (Control), A141880

239 P3d 271

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Michael R. Washington, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

**PER CURIAM**

Defendant, who appeals judgments of conviction in two consolidated criminal cases, contends that, in one of those cases (A141879), the trial court erred in failing to merge two convictions for third-degree sexual abuse. ORS 163.415.[1] Defendant acknowledges that he failed to raise, and preserve, the asserted error before the trial court, but requests that we address, and remedy, that matter as an "error of law apparent on the face of the record." ORAP 5.45(1). We do so and, accordingly, reverse and remand.[2]

In Case Number A141879, defendant was convicted of two counts of third-degree sexual abuse, ORS 163.415, and one count of harassment, ORS 166.065(4). A description of the facts would not benefit the bench, the bar, or the public. On appeal, defendant contends that the trial court erred in failing to merge the two sexual abuse convictions, which were based on a single act that violated separate subparagraphs of ORS 163.415(1)(a). As noted, defendant did not object at trial to the court's failure to merge those convictions but now contends that the court's failure constitutes plain error that we should exercise our discretion to correct.

Relying principally on *State v. White*, 346 Or 275, 211 P3d 248 (2009), and *State v. Barnes*, 209 Or App 332, 147 P3d 936 (2006), *rev den*, 342 Or 256 (2007), the state concedes that "the trial court's failure to merge the guilty verdicts for both counts of third-degree sexual abuse constituted plain error," because "each section of ORS 163.415 provides alternative ways of committing a single crime and because those alternative ways, as a matter of law, basically constitute the same conduct[.]" We agree and accept the state's concession, and, for the reasons described in *State v. Camacho-Alvarez*,

---

[1] ORS 163.415 provides, in part:

"(1) A person commits the crime of sexual abuse in the third degree if:

"(a) The person subjects another person to sexual contact and:

"(A) The victim does not consent to the sexual contact; or

"(B) The victim is incapable of consent by reason of being under 18 years of age[.]"

[2] In the other consolidated case (A141880), defendant was convicted of public indecency, ORS 163.465. However, defendant does not raise any assignments of error concerning the judgment in that case.

225 Or App 215, 216-17, 200 P3d 613 (2009), we exercise our discretion to correct the error.

In Case Number A141879, convictions on Counts 1 and 2 reversed and remanded with instructions to enter a judgment of conviction for one count of third-degree sexual abuse reflecting that defendant was found guilty on both theories and for resentencing; otherwise affirmed. Case Number A141880 affirmed.