Submitted October 28, 2014, affirmed Auguast 12, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAINE ANTHONY BLAN,
*Defendant-Appellant.*

Polk County Circuit Court
11P3456; A153637

358 P3d 316

Peter Gartlan, Chief Defender, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Andrew M. Lavin, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals a judgment of conviction for one count of third-degree assault, ORS 163.165, assigning error to the denial of his motion for judgment of acquittal. He specifically argues that ORS 163.165 requires evidence that he used a weapon which made direct physical contact with the victim and that the state failed to proffer such evidence. Because we conclude that defendant caused the victim's injuries by means of a dangerous weapon, his car, we affirm.

When reviewing the denial of defendant's motion for judgment of acquittal, we view the evidence in the light most favorable to the state "to determine whether a rational trier of fact, making reasonable inferences, could have found the essential elements of the crime proved beyond a reasonable doubt." *State v. Hall*, 327 Or 568, 570, 966 P2d 208 (1998). Our focus "is not whether we believe defendant is guilty beyond a reasonable doubt, but whether there was sufficient evidence for a jury to so find." *Id.* We state the facts in accordance with that standard.

On August 3, 2011, defendant drove his car south on King's Valley Highway in Polk County. It was daylight, and the highway offered an unobstructed view of the oncoming traffic in the northbound lane. Without stopping, defendant made a fast, sharp left turn onto a connecting gravel road. In order to turn left, defendant had to cross the northbound lane of the highway. As defendant turned, the victim was approaching the intersection on a motorcycle in the northbound lane. Defendant cut across the northbound lane in front of the victim, causing the victim to brake hard before having to "dump" his motorcycle in order to avoid a collision with defendant. The motorcycle fell and slid on its side as the victim rolled down the highway behind the motorcycle. Before coming to a stop, the motorcycle slid under defendant's car and hit it. Once the defendant completed his turn, he hesitated for a moment before speeding away. As a result of the incident, the victim suffered serious physical injuries.

Defendant was indicted for failure to perform the duties of a driver involved in an injury accident, ORS 811.705; assault in the third degree, ORS 163.165; recklessly endangering another person, ORS 163.195; and reckless driving,

ORS 811.140. After the state presented all of its evidence, defendant moved for judgment of acquittal on the third-degree assault charge. Defendant argued that the state had failed to proffer sufficient evidence from which a reasonable juror could find that defendant caused the victim's injuries by means of a dangerous weapon. The state responded that there was no indication of obstructions between the two vehicles as they approached each other, but plenty of evidence that defendant was going too fast, made a sharp turn when he should not have, and caused the victim to suffer serious physical injuries as a result of his maneuver. The trial court denied the motion, adopting the state's reasoning. The jury found defendant guilty, and he now appeals.

ORS 163.165 provides, in part:

"(1)   A person commits the crime of assault in the third degree if the person:

"(a)   Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon."

Defendant concedes that he caused the victim to abandon his motorcycle in an attempt to avoid colliding with defendant's recklessly operated car, which in turn caused victim's injuries. However, defendant argues that the trial court erred because there was insufficient evidence to show that he caused the victim's injuries *by means of* a dangerous weapon (defendant's car), because his car never came into direct physical contact with the victim. Defendant instead contends that the victim's injuries were caused by the victim's impact with the pavement in his attempt to avoid contact with defendant's car. The state responds that the trial court ruled correctly because ORS 163.165(1) does not require proof of direct physical contact; instead, the state need only prove that defendant's use of the car caused the victim's injuries. For the reasons explained below, we agree with the state.

The issue before us is whether defendant caused the victim's injuries "by means of" defendant's operation of his car, even though the car did not come into direct contact with the victim. First, a recklessly driven car can be a "dangerous weapon" when it "is used in a manner capable of causing death or serious physical injury." *State v. Lopez*, 56

Or App 179, 182, 641 P2d 596, *rev den*, 293 Or 146 (1982). Here, defendant does not contest that his car was a "dangerous weapon" under ORS 163.165(1)(a). He concedes that his reckless use of the car caused the victim's injuries and, thus, that he used his car "in a manner capable of causing * * * serious physical injury." *Lopez*, 56 Or App at 182.

The Supreme Court has previously examined the issue of whether a defendant can cause injury to a passenger "by means of" a dangerous weapon, a vehicle, under ORS 163.165(1)(a). In *State v. Hill*, 298 Or 270, 272, 692 P2d 100 (1984), the defendant was charged with third-degree assault under ORS 163.165(1)(a) after he injured a passenger while driving a car. The court rejected the defendant's argument that a driver cannot injure his passenger "by means of" the car he drives and "that a weapon is something that must be *directed at* a victim to cause injury." *Hill*, 298 Or at 277-78 (emphasis in original). In concluding that passengers in a car could be injured "by means of" a car that is a dangerous weapon, the court held that, "[i]f injuries result from the reckless operation of the vehicle, and if the use of the vehicle is such as to render it capable of causing serious injury, then the injuries are caused 'by means of' a dangerous weapon." *Id.* at 278.

Here, as noted, defendant concedes that the victim's injuries resulted from defendant's reckless operation of the car. Furthermore, defendant's use of the car—making a fast turn into oncoming traffic and causing the victim to have to abandon his motorcycle to avoid a collision—rendered the car capable of causing serious injury. Thus, under *Hill*, the victim's injuries were "caused 'by means of' a dangerous weapon." *Id.* In light of *Hill*, we conclude that direct physical contact between a defendant's recklessly operated car and the victim is not required to satisfy the "by means of" prong of third-degree assault.

Accordingly, there was sufficient evidence for a rational trier of fact to find defendant guilty of third-degree assault, and the trial court did not err in denying the motion for judgment of acquittal.

Affirmed.