Argued and submitted June 19, reversed and remanded for new trial August 24, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# EUGENE J. CHENEY,
*Appellant.*

## (87-0616; CA A46494)

759 P2d 1119

Ingrid A. MacFarlane, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Linda DeVries Grimms, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief

were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was convicted of two counts of burglary in the first degree and two counts of theft in the first degree. He contends that the trial court erred in (1) failing to give defendant's requested UCJI No. 1806 on theft by receiving, (2) giving the "solicit or command" portion of UCJI No. 1053 and (3) imposing separate convictions and sentences for the theft and burglary charges. His ground for the first claim of error is that there is evidence in the record supporting that theory of the case. The state concedes the error. We agree and, therefore, reverse.

On March 30, 1987, Miller, a neighborhood watch participant, called to the attention of a police officer an old pickup truck that had been parked earlier in her neighbor's driveway. The police stopped the pickup and arrested defendant, who was advised of his *Miranda* rights and, in response to the officer's question, stated, "No, I don't use drugs. I just needed the money," and "We just did one house." A watch and several pieces of jewelry recovered from defendant's person and a camera, two VCRs, a television set and a small stereo recovered from the truck were identified as items reported stolen from two different homes on the date of defendant's arrest.

■ Defendant testified that he had met his friend Paco on the day before and again on the day of his arrest, at which time he bought a television, a VCR, a watch and two rings from him for $300. After loading the items into his truck, defendant agreed to give Paco a ride to St. Johns. As defendant pulled out of a parking lot, he had carburetor problems, so he pulled into the driveway where Miller had first noticed him. He was arrested shortly thereafter, a short distance away. Apparently, Paco fled from the truck when the police stopped it. On the basis of that evidence, defendant was entitled to the instruction on theft by receiving.

■ To the extent that it is relevant on remand, we address defendant's claim that the trial court erred in instructing the jury as to the "solicit or command" language of UCJI No. 1053, as submitted to the jury by the court:

"A person who is involved in committing a crime may be charged and convicted of that crime if, with the intent to

promote or facilitate the commission of the crime, that person aids and abets someone in committing the crime, solicits or commands someone to commit the crime or attempts to aid or abet someone in committing the crime. Under these circumstances it is not necessary for the person actually to be — excuse me. Let me repeat that.

"Under these circumstances it is not necessary for that person actually to be personally present at the time and place of the commission of the crime."

Defendant contends that there was no evidence that he arranged for, solicited or commanded Paco to commit any burglary. We agree. The state relies on evidence that defendant met with Paco the day before the property was stolen, that he knew Paco's reputation for "wheeling and dealing" and that he asked Paco to sell him a VCR and a color TV "used" at a cheap price. That evidence does not rise to the level of a command, or even a solicitation, to commit any crime.

■ We address defendant's third assignment, that the court erred in imposing separate convictions and sentences for the theft and burglary charges, because the issue may reappear on remand. The indictment charged defendant with burglary in the first degree by entering a dwelling with the intent to commit theft, in count 1, and theft in the first degree of property taken in that burglary, in count 2. It charged him with burglary in the first degree by entering another dwelling with the intent to commit theft, in count 3, and theft in the first degree of property taken in that burglary, in count 4. Defendant was convicted and sentenced separately on each count. He contends that the court erred in failing to merge count 2 with 1 and count 4 with 3 for the purposes of conviction and sentencing. He relies on ORS 161.062, which provides, in part:

"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations. However, when one of the statutory provisions violated is burglary in any degree, and the other statutory provision violated is theft or criminal mischief in any degree, and the theft or criminal mischief was pleaded as the intended crime of the burglary, the burglary and the theft or criminal mischief shall constitute only one punishable offense."

At trial the state argued that the merger requirement of ORS 161.062 was repealed by the later adoption of ORS 161.067[1]. ORS 161.067(1) omits the merger requirement of ORS 161.062(1) and provides simply:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

The crimes of burglary in the first degree and theft in the first degree each require proof of an element that the other does not. Burglary requires an unlawful entry; theft does not. Theft requires the taking of the property of another; burglary does not. If the burglary is committed with the intent to commit theft, it is complete on entry with that intent, whether or not any taking occurs. ORS 164.225; ORS 164.015. Therefore, under ORS 161.067(1) burglary in the first degree and theft in the first degree are separately punishable offenses. Because ORS 161.067(1) omits the merger requirement found in ORS 161.062, we conclude that the inconsistent portion of ORS 161.062 was impliedly repealed.[2] *See DeAngelo v. Schiedler,* 306 Or 91, 100 n 5, 757 P2d 1355 (1988). The trial court did not err in failing to merge the burglary and theft convictions.

Reversed and remanded for a new trial.

---

[1] ORS 161.062 was adopted by the legislature in 1985. Or Laws 1985, ch 722, § 4. ORS 161.067 was adopted by initiative in November, 1986. Or Laws 1987, ch 2, § 13.

[2] Defendant's reliance on *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979), is misplaced. It predates both ORS 161.062 and ORS 161.067.