Argued and submitted June 29, affirmed August 24, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD DEE GRAVES,
*Appellant.*

(C87-02-30640; CA A46520)

759 P2d 1121

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Leslie Jo Westphal, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his convictions on nine counts of criminal conspiracy to commit forgery in the first degree. ORS 161.450.[1] On count 1, the trial court sentenced him to the custody of the Corrections Division for a period of five years, with a minimum of six months. ORS 144.110. The court suspended imposition of sentence on the remaining eight counts and placed him on probation for five years. The question is whether the trial court erred in failing to merge all nine convictions into one conviction for criminal conspiracy. We affirm.

Robert Brown was arrested in December, 1986, when he attempted to cash a stolen check. He told the police that defendant and a man named Preston had enlisted him to cash checks for them at various banks and to share in the proceeds. Brown agreed to help the police in their investigation. He arranged for defendant and Preston to meet with him and Zahler, an undercover officer. Posing as Sherry Johnson, Zahler met with Brown, defendant and Preston. Defendant and Preston told Zahler that they would give her checks made out in her name, that she should cash each check at a different bank so as not to arouse suspicion and that she would share in the proceeds.

The next day, Zahler and Brown again met with defendant and Preston, who told Zahler that the checks were ready and that she should cash each check at a different bank.

---

[1] ORS 161.450(1) provides:

"A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony or a Class A misdemeanor be performed, the person agrees with one or more persons to engage in or cause the performance of such conduct."

ORS 165.013 provides, in relevant part:

"A person commits the crime of forgery in the first degree if the person violates ORS 165.007 and the written instrument is or purports to be any of the following:

"* * * * *

"(C) A * * * commercial instrument[.]"

ORS 165.007 provides, in relevant part:

"A person commits the crime of forgery in the second degree if, with intent to injure or defraud, the person:

"(a) Falsely makes, completes or alters a written instrument[.]"

She told defendant and Preston that she would go to banks in the Beaverton-Hillsboro area. Brown went to a car used by defendant and Preston, and Zahler saw Preston give Brown an envelope which contained nine checks made out to Sherry Johnson. Other police arrived and arrested defendant and Preston before any of the forged checks were passed. The checks were written on an account belonging to Paramount Bedding Company, whose owner testified that he did not give defendant permission to make the checks and that Sherry Johnson was not a company employe.

After his convictions, defendant moved to merge the nine convictions into one conviction, arguing that there was but a single conspiracy. ORS 161.062(4); ORS 161.067(3).[2] The trial court found that defendant had conspired to have each check cashed at a different bank. There is evidence in the record to support that finding, and we are bound by it. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). The court concluded that defendant had conspired to commit nine separate crimes against nine separate victims and denied the motion. We agree.

ORS 161.067(2) provides, in relevant part:

> "When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims."[3]

---

[2] ORS 161.062(4) provides:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separate punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

ORS 161.067(3) provides, in relevant part:

> "When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

[3] ORS 161.067(2) was part of Ballot Measure 10, enacted by the people at the General Election in November, 1986. Or Laws 1987, ch 2, § 13.

The dispositive issue thus becomes whether the word "victims" in ORS 161.067(2) includes the *intended* victims of a conspiracy. That statute essentially states that there are as many separately punishable offenses as there are "victims." It is reasonable to construe "victims" to include each intended victim of a conspiracy. Conspiracy to commit a crime is treated the same under the criminal code as the completed crime, *i.e.*, conspiracy to commit a Class C Felony, such as forgery in the first degree, is itself a Class C felony. ORS 161.450. If the intended crimes had been completed, ORS 161.067(2) clearly would apply, as defendant's trial counsel conceded at the sentencing.[4]

We hold that the intended victims of a conspiracy to commit particular crimes are included within the meaning of "victims" in ORS 161.067(2). Therefore, defendant could be convicted and sentenced separately on each count. The trial court did not err in refusing to merge the convictions.

Affirmed.

---

[4] Defendant's argument that either Paramount Bedding or First Interstate, Paramount's bank, was the only victim of any possible violation lacks merit. Neither Paramount nor First Interstate would be liable for any loss resulting from cashing the nine forged checks. Only the banks that cashed the forged checks would be at risk.

Under the Uniform Commercial Code, ORS chapter 73, a forged endorsement precludes negotiation of an order instrument so that no subsequent transferee can be a holder. *See* ORS 73.2020. Because only a holder can make proper presentment and receive payment, no payment on a forged endorsement is proper. *See* ORS 73.5040(1). Here, the checks were written on the account of a company whose owner testified that defendant did not have permission to write the checks and that the payee was not a company employe. The payee was a fictitious person. Under those circumstances, any endorsement of the payee's name would be a forgery, *see* ORS 71.2010(20), and would be ineffective in negotiating the check. (ORS 73.4050 does not apply here to render the forged endorsement effective.) It follows that each of the banks that would cash the checks would be at risk.