Argued and submitted July 29, affirmed November 13, 1991

## STATE OF OREGON,
*Respondent,*

*v.*

## FRANKLIN M. MEZICK,
*Appellant.*

(88CR0475, 89CR717;
CA A65122 (Control), CA A65123)
(Cases Consolidated)

820 P2d 849

Beecher C. Ellison, Grants Pass, argued the cause for appellant. With him on the brief was Kengla, Browne, Ellison & Swint, Grants Pass.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant was convicted in CA A65122 of rape in the first degree, ORS 163.375, and sexual abuse in the first degree, ORS 163.425, and in CA A65123 of contributing to the sexual delinquency of a minor, ORS 163.435, and two counts of sexual abuse in the second degree. ORS 163.415. All of the convictions stem from a single incident. The trial court merged the sexual abuse in the first degree conviction with the rape conviction and sentenced defendant on the remaining four convictions. Defendant challenges the convictions and the sentences.

■■ The only issue that we address is his argument that the convictions for sexual abuse in the second degree should merge with the rape conviction. ORS 161.067. We look at the statutory elements of the offenses charged to determine whether each offense requires proof of an element that the other does not. *State v. Atkinson,* 98 Or App 48, 777 P2d 1010 (1989). A statute defining a crime may include alternative combinations of elements that constitute the crime; we look at the combination of elements that constitute the crimes for which defendant was convicted. *See State v. Crotsley,* 308 Or 272, 279, 779 P2d 600 (1989).

■ Defendant was convicted of rape in the first degree under ORS 163.375(1)(a), which requires proof of forcible compulsion. His convictions for sexual abuse in the second degree were under ORS 163.415(1)(b), which requires proof that the victim is incapable of consent because she is under 18 years old, mentally defective, mentally incapacitated or physically helpless. The first degree rape conviction included the element of forcible compulsion, which was not an element of the second degree sexual abuse charge; the second degree sexual abuse conviction required proof that the victim was under 18 years of age, which was not a required element on the rape charge. The second degree sexual abuse convictions under ORS 163.415(1)(b) do not merge with the conviction for first degree rape under ORS 163.375(1)(a).

Affirmed.