STATE OF OREGON,
*Respondent,*

*v.*

DENNIS E. NUNN,
*Appellant.*

(CM89-0708; CA A64759)

821 P2d 431

Peter Gartlan, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

Edmonds, J., specially concurring.

## RIGGS, J.

■　Defendant appeals his convictions of forgery in the first degree, ORS 165.007; ORS 165.013, and fraudulent use of a credit card. ORS 165.055. He assigns error to the trial court's denial of his motion to merge the convictions. He argues that fraudulent use of a credit card is necessarily a lesser included offense of forgery in the first degree, because one cannot commit the former without committing the latter. We disagree and affirm.

■　Defendant's two convictions stemmed from the same act. At sentencing, defendant moved that the convictions be merged. The trial court concluded that the statutes defining the offenses require different elements of proof and denied the motion. ORS 161.062(1); ORS 161.067(1).[1]

> "The elements of proof of a criminal offense are controlled by the statute defining the offense, not by the factual circumstances recited in the indictment * * *. [O]ffenses cannot be merged if proof of one offense requires proof of an element that the other does not." *State v. Atkinson*, 98 Or App 48, 50, 777 P2d 1010 (1989). (Citations omitted.)

When a particular statute can be violated in alternative ways, we look at the combination of elements that make up the crimes of which the defendant was convicted. *State v. Mezick*, 109 Or App 563, 565, 820 P2d 849 (1991).

■　Defendant was convicted of forgery under ORS 165.007(a) and ORS 165.013(1)(c), which require proof that the accused falsely made, completed or altered a written instrument.[2] That element is not required for proof of fraudulent use of a credit card under the statute that defines the

---

[1] Both provisions provide, in relevant part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

[2] ORS 165.007(1)(a) provides:

"(1) A person commits the crime of forgery in the second degree if, with intent to injure or defraud, the person:

"(a) Falsely makes, completes or alters a written instrument * * *."

ORS 165.013(1)(c) provides:

"(1) A person commits the crime of forgery in the first degree if the person violates ORS 165.007 and the written instrument is or purports to be any of the following:

crime of which defendant was convicted. ORS 165.055(1)(a). That statute requires proof that the defendant "use[d] a credit card for the purpose of obtaining property or services,"[3] an element that is not required by the forgery statutes.

Because each offense requires proof of an element that the other does not, they cannot be merged. The trial court did not err.

Affirmed.

**EDMONDS, J.,** specially concurring.

Defendant was charged with forgery in the first degree and fraudulent use of a credit card arising out of the same conduct: acting in concert with another individual who used a stolen credit card by forging the owner's name on the purchase slip. No goods were procured by the use of the card. Under *State v. Atkinson,* 98 Or App 48, 777 P2d 1010 (1989), the majority's analysis is correct and, because of *stare decisis,* I concur with the result. I write only to point out, as I did in my specially concurring opinion in *State v. Heneghan,* 108 Or App 637, 816 P2d 1175 (1991), that, although defendant was convicted of two crimes, the conduct for which he was convicted consisted of one physical act. I suggest that ORS 161.067(1) applies only when there are two separate acts within the same course of conduct or criminal episode. The majority's holding, and *State v. Atkinson, supra,* are inconsistent with the holding in *State v. Crotsley,* 308 Or 272, 278, 779 P2d 600 (1989), for the reasons that I expressed in *Heneghan.*

---

"* * * * *

"(c) A deed, will, codicil, contract, assignment, *commercial instrument* or other document which does or may evidence, create, transfer, alter, terminate, or otherwise affect a legal right, interest, obligation or status * * *." (Emphasis supplied.)

[3] ORS 165.055(1)(a) provides:

"(1) A person commits the crime of fraudulent use of a credit card if, with intent to injure or defraud, the person uses a credit card for the purpose of obtaining property or services with knowledge that:

"(a) The card is stolen * * *."