Argued and submitted February 26, reversed and remanded in part; otherwise affirmed April 22, 1998

## STATE OF OREGON,
*Respondent,*

*v.*

## SHANNON L. REILAND,
*Appellant.*

(96CR1538; CA A96432)

958 P2d 900

Diane L. Alessi, Chief Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Riggs* and Wollheim,** Judges.

---

\* Riggs, J., *vice* Warren, J.

\*\* Wollheim, J., *vice* Haselton, J.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals from a judgment of conviction on four counts of endangering the welfare of a minor. ORS 163.575(1)(b).[1] She argues that the conviction on four counts of endangering the welfare of a minor should merge with her conviction on four counts of child neglect in the first degree. ORS 163.547(1).[2] We review the trial court's decision as a matter of law, *State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989), and modify the judgment.

On July 31, 1996, officers executed a search warrant at defendant's home. Officers seized a small quantity of marijuana, scales, and marijuana paraphernalia. Reiland, defendant's spouse, subsequently pleaded guilty to delivery of a controlled substance. Defendant was convicted by a jury of four counts of endangering the welfare of a minor, four counts of child neglect in the first degree, and one count of frequenting a place where controlled substances are used, ORS 167.222(1),[3] based on the fact that marijuana was found in her home.

On appeal, defendant argues that "[t]he elements of child endangerment are subsumed in the elements of child neglect" and that the trial court erred when it failed to merge

---

[1] ORS 163.575 provides, in part:

"(1)  A person commits the crime of endangering the welfare of a minor if the person knowingly:

"* * * * *

"(b)  Permits a person under 18 years of age to enter or remain in a place where unlawful activity involving controlled substances is maintained or conducted[.]"

[2] ORS 163.547(1) provides, in part:

"A person having custody or control of a child under 16 years of age commits the crime of child neglect in the first degree if the person knowingly leaves the child, or allows the child to stay * * * on premises and in the immediate proximity where controlled substances are criminally delivered or manufactured for consideration or profit."

[3] ORS 167.222(1) provides, in part:

"A person commits the offense of frequenting a place where controlled substances are used if the person keeps, maintains, frequents, or remains at a place, while knowingly permitting persons to use controlled substances in such place or to keep or sell them in violation of ORS 475.005 to 475.285 and 475.940 to 475.995."

defendant's convictions for endangering the welfare of a minor into her convictions for child neglect in the first degree. The state concedes that the " 'controlled substances were being criminally delivered for consideration and profit' element necessarily includes the 'unlawful activity involving a controlled substance' element," but argues that "there exists a significant difference between the child-neglect element of 'allowing' a child 'to stay' on 'premises' and * * * the endangering element of 'permitting' a child to 'enter or remain in a place.' "

■     When a defendant's conduct violates two statutory provisions, and each statute does not require proof of an element the other does not, the convictions merge. ORS 161.062(1);[4] *State v. Crotsley*, 308 Or at 278. In deciding whether the statutes contain different elements, we look only at the statutory elements of each offense. *State v. Gleason*, 141 Or App 485, 492, 919 P2d 1184, *rev den* 324 Or 323 (1996); *State v. Sumerlin*, 139 Or App 579, 585, 913 P2d 340 (1996). If a statute defining a crime contains alternate elements that constitute the crime, we look at the combination of elements that constitutes the crimes for which the defendant was convicted. *State v. Mezick*, 109 Or App 563, 565, 820 P2d 849 (1991).

■     Here, we do not agree that proof that defendant "allowed children to stay" and "permitted children to remain" require proof of different elements. We note at the outset that "allow" and "permit" are synonyms, *Webster's Third New Int'l Dictionary* 58, 1683 (unabridged ed 1993), as are "stay" and "remain," *Id.* at 2231, 1919. We have previously construed the word "permit" and required that "[b]efore one can be said to 'permit' something, one must have authority to forbid it." *State v. Pyritz*, 90 Or App 601, 605, 752 P2d 1310 (1988) (construing ORS 167.222(1)). The state argues that the child

---

[4] ORS 161.062 and ORS 161.067 are two virtually identical statutes addressing the same issue. ORS 161.062(1) provides, in part:

"When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

*See State v. Crotsley*, 308 Or 272, 276-78, 779 P2d 600 (1989) (legislative history of ORS 161.062 and ORS 161.067).

neglect prohibition against allowing a child to stay in a place where drugs are sold or used requires proof that the person has authority over the child, while the child endangerment prohibition against permitting a child to remain requires proof that the person has authority over the place. That is a distinction without a difference. The owner of the place where drugs are being sold or used has authority over the child by virtue of the person's ownership of the place, just as others have authority over the child by virtue of their positions as parent, guardian, teacher, or public official. Contrary to the state's argument, a person with custody or control of a child certainly does have the authority to prohibit the child from remaining in a place, notwithstanding the fact that the person has no authority over the place.

Reversed and remanded for entry of judgment merging four convictions for endangering the welfare of a minor into four convictions for child neglect in the first degree and for resentencing; otherwise affirmed.