Argued and submitted August 13, reversed and remanded with instructions
October 31, 2001

## STATE OF OREGON,
*Respondent,*

*v.*

## PATRICK K. MCCLOUD,
*Appellant.*

### 000849967; A112227

34 P3d 699

Garrett A. Richardson argued the cause and filed the brief for appellant.

Douglas F. Zier, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

HASELTON, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## HASELTON, P. J.

Defendant appeals his convictions on two counts of third-degree sexual abuse. ORS 163.415. He argues that the trial court erred in entering two convictions rather than merging the two counts and entering a single conviction pursuant to ORS 161.067. As explained below, we agree that the trial court erred in failing to merge the convictions. We therefore reverse the convictions and remand for merger of the convictions and for resentencing.

The relevant facts are not in dispute. Defendant was charged with two counts of third-degree sexual abuse committed on or about August 16, 2000. One of the counts alleged that defendant subjected the victim to nonconsensual sexual contact by touching her breast, and the other alleged that defendant subjected the victim to nonconsensual sexual contact by touching her vaginal area. Evidence at trial demonstrated that the victim entered defendant's room at the residential hotel where both were living. Defendant was viewing pornography and told the victim that he wanted to engage in various sexual acts with her as depicted in the pornography. The victim declined. Defendant then kissed the victim and touched her breasts and vaginal area over her objections. The victim pushed defendant away, left the room, and reported the incident to police, who arrested defendant later that evening.

Defendant was convicted of two counts of third-degree sexual abuse after a trial to the court. ORS 163.415.[1] Defendant argued that the convictions should merge, given the provisions of ORS 161.067(3).[2] The trial court agreed that

---

[1] ORS 163.415(1) provides, in pertinent part:

"A person commits the crime of sexual abuse in the third degree if the person subjects another person to sexual contact and:

"(a) The victim does not consent to the sexual contact[.]"

ORS 163.305(6) defines "sexual contact" as "any touching of the sexual or other intimate parts of a person * * * for the purpose of arousing or gratifying the sexual desire of either party."

[2] ORS 161.067(3) provides, in pertinent part:

"When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as

ORS 161.067(3) applied, because there had not been a separation in time between the two violations of the statute sufficient to afford defendant an opportunity to renounce his criminal intent. The trial court concluded, however, that the statute did not require it to merge defendant's *convictions*, but required it to merge only defendant's *sentences*. It therefore entered separate convictions on each count of third-degree sexual abuse.

On appeal, defendant argues that the trial court erred in concluding that ORS 161.067 did not require merger of the convictions but required only "sentence merger." We agree.

■ Surprisingly, although ORS 161.067 was enacted almost 15 years ago, no reported decision has explicitly addressed the question whether the phrase "separately punishable offenses" is meant to address situations in which separate convictions should be entered, or merely to address situations in which separate convictions may be *punished* separately, *i.e.*, not concurrently. Defendant takes the former view, and the state takes the latter. The case law applying this statute implicitly supports defendant's view: In many cases, this court and the Supreme Court have interpreted ORS 161.067 and its virtually identical counterpart, *former* ORS 161.062,[3] as applying to merger of convictions, not sentences.

---

many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

[3] ORS 161.062, enacted by the legislature in 1985 and repealed in 1999, contained virtually identical provisions to ORS 161.067. In *State v. Crotsley*, 308 Or 272, 276 n 3, 779 P2d 600 (1989), the court traced the history of those provisions:

"ORS 161.062 and its not quite identical twin, ORS 161.067, have an intertwined and convoluted relationship. Both statutes began as identically worded proposals to the legislature and to the electorate, proposals which apparently derived from a common source. ORS 161.062 began as a provision of Senate Bill 257 (1985), proposed to the legislature by the Department of Justice on behalf of the Oregon District Attorneys Association. An identical proposal was included in the omnibus 'Crime Victims' Bill of Rights' initiative filed with the Secretary of State in April 1985. The Secretary of State certified the initiative as Ballot Measure 10 (1986), the electorate approved it in November 1986, and it became effective in December 1986. Its multiple conviction and sentencing provision was codified as ORS 161.067.

In *State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989), the court noted that ORS 161.062, ORS 161.067, relating to merger, and ORS 137.123, relating to consecutive sentencing, had been enacted in response to case law concerning when "a single criminal episode provides grounds for multiple convictions and sentences." Although the issue in *Crotsley* involved the first subsection of ORS 161.062 (and ORS 161.067) rather than the third subsection, both subsections use the same term, "separately punishable offenses." The issue, as framed by the court, was whether "separate * * * *convictions* and sentences may be imposed" under the circumstances presented there. *Crotsley*, 308 Or at 276 (emphasis added). *See also State v. Barrett*, 331 Or 27, 10 P3d 901 (2000) (similarly treating *former* ORS 161.062 as pertaining to merger of convictions).

Our court, like the Supreme Court, has on numerous occasions determined when *convictions* should merge under ORS 161.067 and ORS 161.062. Recently, in *State v. Schwartz*, 173 Or App 301, 319, 21 P3d 1128 (2001), we held that a defendant's "*convictions* * * * do not merge [under ORS 161.067(3)], because the acts that formed the basis for each violation were separated by a 'sufficient pause' in defendant's criminal conduct to afford him the opportunity to renounce criminal intent." (Emphasis added.) Similarly, in *State v. Lucio-Camargo*, 172 Or App 298, 310, 18 P3d 467 (2001), we treated ORS 167.067(3) as relating to requirements for when "separate *convictions* * * * can be entered[.]" (Emphasis added.) *See also State v. Gilbertson*, 110 Or App 152, 156-57, 822 P2d 716 (1991), *rev den* 313 Or 211 (1992) (court did not

"In May 1985, after the initiative had been filed with the Secretary of State, the legislature amended SB 257. In June 1985, the legislature enacted House Bill 2331 (1985), an identically worded House version of amended SB 257. HB 2331 became effective in July 1985 and was codified as ORS 161.062 and ORS 137.122. In effect, the original proposed multiple conviction and sentencing statute was enacted twice, first in an amended legislative version, ORS 161.062, and later in an unamended initiative version, ORS 161.067."

Because both ORS 161.067 and *former* ORS 161.062 contain identical language concerning repeated statutory violations against the same victim and "sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent," we consider case law interpreting the identical text in both provisions to be relevant to the issue at hand.

err in refusing to merge convictions, where defendant had opportunity to renounce criminal intent between crimes).[4]

■     Despite those decisions implicitly recognizing that ORS 161.067 pertains to merger of convictions, the state's argument that the statutory text concerning "separately punishable offenses" refers only to sentencing is, at least at first blush, plausible. As explained below, however, we conclude that ORS 161.067's context and, in particular, the simultaneously enacted provision found in ORS 137.123 relating to concurrent and consecutive sentencing, demonstrates that the state's position is incorrect.

Both ORS 167.067 and ORS 137.123 trace their origins to Ballot Measure 10, a comprehensive victims' rights initiative passed in 1986. Section 12 of that ballot measure contained provisions relating specifically to when a court could impose consecutive sentences. That section was codified at ORS 137.123, and remains substantially similar to this date. To briefly summarize the pertinent parts of the enactment, section 12 provided that courts have discretion whether to make sentences concurrent or consecutive, but if criminal offenses arise from "the same continuous and uninterrupted course of conduct," then the court must make specific findings in support of consecutive sentences. ORS 137.123. Those findings required by ORS 137.123(5)(a) or (b) are *not* similar or comparable in any way to the "opportunity to renounce the criminal intent" criterion found in ORS

---

[4] Our case law concerning the other subsections of ORS 161.067 and their counterparts in *former* ORS 161.062 similarly indicates that those statutes pertain to merger of convictions, not "merger of sentences." *See, e.g., State v. Spring*, 172 Or App 508, 21 P3d 657 (2001) (convictions did not merge where defendant violated multiple statutory provisions); *State v. Beason*, 170 Or App 414, 12 P3d 560 (2000), *rev den* 331 Or 692 (2001) (convictions merged because acts did not constitute violation of two separate statutory provisions); *State v. Reiland*, 153 Or App 601, 958 P2d 900 (1998) (if a defendant's conduct violates two statutory provisions, and each statute does not require proof of an element that the other does not, the convictions merge); *State v. Malone*, 111 Or App 112, 824 P2d 430, *rev den* 313 Or 300 (1992) (convictions did not merge where each required proof of an element that the other did not); *State v. Wallock*, 110 Or App 109, 821 P2d 435 (1991), *rev den* 313 Or 75 (1992) (same); *State v. Mezick*, 109 Or App 563, 820 P2d 849 (1991) (same); *State v. Graves*, 92 Or App 642, 759 P2d 1121 (1988) (convictions did not merge where crimes involved separate victims); *State v. Cheney*, 92 Or App 633, 759 P2d 1119 (1988) (convictions did not merge where each crime required proof of an element that other did not).

161.067(3). *See* ORS 137.123(5)(a), (b).[5] Section 13 of Ballot Measure 10 (1986), which became ORS 161.067, provided:

"(1)   When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many *separately punishable offenses* as there are separate statutory violations.

"(2)   When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many *separately punishable offenses* as there are victims. However, two or more persons owning joint interests in real or personal property shall be considered a single victim for purposes of determining the number of *separately punishable offenses* if the property is the subject of one of the following crimes [list of crimes omitted].

"(3)   When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many *separately punishable offenses* as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent. Each method of engaging in deviate sexual intercourse as defined in ORS 163.305, and

---

[5] ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a)  That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)  The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or [*sic*] conduct."

Those provisions have not changed since they were enacted as part of Ballot Measure 10 (1986).

each method of engaging in sexual penetration with a foreign object as defined in ORS 163.408 and 163.411 shall constitute separate violations of their respective statutory provisions for purposes of determining the number of statutory violations." (Emphasis added.)

The question is what the voters intended by the term, "separately punishable offenses." ORS 137.123 provides important context for ORS 161.067. If the state were correct that ORS 161.067(3) merely instructed on when separate *sentences* could be imposed for multiple convictions, it would cover the same subject as ORS 137.123, which concerns when sentences must be served at the same time and when a court may require that sentences be served at different times. Moreover, if ORS 161.067(3) were interpreted in the manner suggested by the state, not only would it address the same subject as ORS 137.123, but it would require the court to use a *different legal standard* (whether a defendant had an opportunity to renounce criminal intent between violations) than that required under ORS 137.123(5)(b) (whether violation caused or created a greater or qualitatively different loss, injury or harm to the victim, etc.) to determine whether sentences are to be served at the same time.

■     In short, a "merger for sentencing purposes only" is, in effect, a determination that a defendant must serve sentences on multiple convictions concurrently. That is a subject covered explicitly by ORS 137.123. Given that the requirements stated in ORS 137.123 concerning when consecutive sentences may be imposed are different from the requirements of ORS 161.067 concerning when "separately punishable offenses" exist, we must conclude that the voters who enacted ORS 161.067 intended "separately punishable offenses" to mean something other than "offenses that may be punished by consecutive sentences," as the state would have us read it. We conclude that the term does not relate solely to separate punishment, but to whether offenses should be entered as separate convictions.[6]

---

[6] Although we believe that the context of the statute provides sufficient support for our conclusion, we note that the legislative history of Ballot Measure 10 (1986), which includes the explanatory statement published in the voter's pamphlet, *see generally Ecumenical Ministries v. Oregon State Lottery Comm.*, 318 Or

The state does not cite or refer to the many cases in which we and the Supreme Court have treated ORS 161.067 and *former* ORS 161.062 as relating to merger of convictions. Rather, it points to the history of those "anti-merger" statutes as recounted by the court in *Crotsley*, and argues that treating ORS 161.067 as relating to "merger for sentencing purposes" advances that legislative intent of reducing the situations in which courts may merge convictions. We agree that ORS 161.067 is, in fact, an "anti-merger" statute that legislatively overruled much prior case law about when convictions should merge. *See generally Crotsley*, 308 Or at 276-78 (recounting history of merger case law and statutory enactments). We disagree, however, with the state's implicit assertion that this "anti-merger" statute effectively *eliminated* the merger of convictions entirely. Rather, it eliminated merger of convictions under most circumstances. It did, however, in subsection (3), contemplate merger of convictions under circumstances where there are multiple violations of one statutory provision against the same victim that are not "separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent." ORS 161.067(3).

Here, it is undisputed that the charges involved the same statutory provision and the same victim, and occurred in the same criminal episode. The trial court specifically found that there was not sufficient pause in defendant's criminal conduct to afford the opportunity to renounce criminal intent. Under ORS 161.067(3), the trial court therefore was required to merge the two convictions.

Reversed and remanded for merger of defendant's convictions for sexual abuse in the third degree and for resentencing.

---

551, 560 n 8, 871 P2d 106 (1994), indicates that the measure would "[s]lightly expand circumstances under which a person may be *convicted* of separate offenses and may be given consecutive sentences." Official Voters' Pamphlet, General Election, November 1986, 52 (emphasis added).