Argued and submitted February 26, convictions for fourth-degree assault (Count 1 and Count 2) vacated; remanded with instructions to enter one conviction for fourth-degree assault and for resentencing; otherwise affirmed April 1, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PHARANN M. YONG,
*Defendant-Appellant.*

Marion County Circuit Court
03C40502; A136602

205 P3d 63

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the briefs was Peter Gartlan, Chief Defender, Appellate Division, Office of Public

Defense Services. Pharann M. Yong filed the supplemental brief *pro se*.

Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

SCHUMAN, P. J.

**SCHUMAN, P. J.**

This case is before us for the second time. Defendant was convicted in 2003 of two counts of felony assault in the fourth degree, ORS 163.160; one count of interference with making a report, ORS 165.572; and one count of unlawful use of a weapon, ORS 166.220. In the first appeal, he raised several assignments of error. We rejected all but one: his contention that the trial court erred by entering separate convictions and by imposing separate sentences on the two assault charges. *State v. Yong*, 206 Or App 522, 547, 138 P3d 37, *rev den*, 342 Or 117 (2006). We concluded that the two counts— Count 1, for having previously assaulted the same victim, ORS 163.160(3)(a); and Count 2, for committing the assault in the immediate presence of the victim's child, ORS 163.160(3)(c)—did not, as the state argued, constitute separate statutory provisions. *Yong*, 206 Or App at 546. For that reason, we held that ORS 161.067(1)[1] did not authorize the court to impose separate convictions and sentences and remanded with the following instructions:

> "In Case No. 03C40502, convictions for fourth-degree assault vacated; remanded with instructions to enter judgment of conviction for one count of fourth-degree assault in Case No. 03C40502, reflecting that defendant was convicted on both charged theories and for resentencing; otherwise affirmed."

*Yong*, 206 Or App at 547. On remand, however, the trial court entered two felony assault convictions. The judgment for Count 1 contained the notation, "Count 2 merges w/ Ct 1 for purposes of sentencing." The judgment for Count 2 contained the notation, "This count merges with Ct 1 for purposes of sentencing." Defendant filed this appeal, arguing that "merge[r] * * * for purposes of sentencing" is a determination that a defendant must serve concurrent sentences on multiple convictions. *State v. McCloud*, 177 Or App 511, 518, 34 P3d 699 (2001), *vac'd on other grounds*, 334 Or 491, 52 P3d 1056 (2002).

---

[1] ORS 161.067(1) provides, in part, that, "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

After defendant filed his opening brief, but before the state filed a response, the state moved for a corrected judgment, acknowledging that the trial court's response to this court's remand did "not specifically state that Counts 1 and 2 merge for purposes of conviction." The court subsequently altered the judgment disposing of Count 1 by noting:

> "Defendant is convicted of one count of Assault 4 based on alternative theories: previously convicted of assaulting the same victim * * * and assault committed in the immediate presence and witnessed by the minor child of [victim]."

However, the court left in place the existing judgment disposing of Count 2, still notated, "This count merges with Ct 1 for purposes of sentencing." Defendant now argues that the two judgments are susceptible to an erroneous interpretation, that is, that there are still two convictions for fourth-degree assault. He urges us to remand once again for resentencing. The state responds that the judgments, read together and in conjunction with our earlier opinion, are unambiguous, and that no remand is necessary.

We agree with the state that a careful examination of all of the documents, plus our earlier opinion, would probably resolve any ambiguity. Exercising an abundance of prudence, however, we now vacate the judgments of conviction for Count 1 and Count 2 and remand with instructions to enter one judgment for a single conviction of fourth-degree assault, ORS 163.160. That judgment should indicate that Count 1 and Count 2 result in a single conviction and sentence. Any documents stating or implying that conviction on Count 1 and Count 2 are separate convictions should be conspicuously amended to show that the convictions are vacated and replaced by a single conviction and sentence.

Defendant also argues that the court erred in imposing consecutive sentences for unlawful use of a weapon (Count 4) and fourth-degree assault (Counts 1 and 2) based on facts found by the court and not by a jury. That argument is defeated by *Oregon v. Ice*, 555 US ___ , 129 S Ct 711, 172 L Ed 2d 517 (2009).

Convictions for fourth-degree assault (Count 1 and Count 2) vacated; remanded with instructions to enter one conviction for fourth-degree assault and for resentencing; otherwise affirmed.