## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ELI FRANCISCO KINSLEY,
*Defendant-Appellant.*

Marion County Circuit Court
10C42908; A147197

289 P3d 367

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Wollheim, Presiding Judge, and Nakamoto, Judge, and Edmonds, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of delivery of methamphetamine within 1,000 feet of a school, ORS 475.892; delivery of methamphetamine, ORS 475.890; first-degree child neglect, ORS 163.547; and endangering the welfare of a minor, ORS 163.575. On appeal, he argues that the trial court erred in denying his motion to suppress evidence that was discovered as the result of a search warrant, on the ground that the affidavit in support of the warrant application failed to establish the reliability of the state's informant. We reject that argument without discussion.

Defendant also argues that the trial court erred by entering four separate convictions rather than merging the guilty verdicts. Specifically, defendant argues, as he did below, that the guilty verdicts for delivery of methamphetamine within 1,000 feet of a school and delivery of methamphetamine should have merged into a single conviction; he further contends that the verdicts for first-degree child neglect and endangering the welfare of a minor should have merged into a single conviction. The state concedes that the trial court erred in both respects. *See State v. Rodgriguez-Gomez*, 242 Or App 567, 256 P3d 169 (2011) (court erred in entering separate convictions for delivery of methamphetamine and delivery of methamphetamine within 1,000 feet of a school based on a single act); *State v. Reiland*, 153 Or App 601, 958 P2d 900 (1998) (remanding for entry of judgment merging four convictions for endangering the welfare of a minor into four convictions for child neglect in the first degree). We agree, accept the concession, and remand for merger and resentencing.

Reversed and remanded with instructions to merge guilty verdicts on Counts 1 and 2 into a single conviction for delivery of methamphetamine within 1,000 feet of a school and to merge guilty verdicts on Counts 3 and 4 into a single conviction for first-degree child neglect, and for resentencing; otherwise affirmed.